***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts, with minor modifications, the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The employee-employer relationship existed at the time of the plaintiff's injury by accident.
2. North Carolina Farm Bureau Mutual Insurance Company was the carrier on the risk at the time of the injury by accident.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment on April 10, 2000.
4. The parties were subject to the North Carolina Workers' Compensation Act at the time of the injury by accident as the employer employed the requisite number of employees to be bound under the provisions of the Act.
5. Plaintiff's average weekly wage was $344.38, which yields a compensation rate of $229.60.
6. The parties agree that the issue to be answered by the hearing commissioner is to what extent is plaintiff entitled to receive compensation for permanent partial impairment pursuant to G.S. § 97-31.
7. Dr. Hasty opined that plaintiff sustained a ten percent permanent impairment of his right foot as a result of his April 10, 2000 injury by accident.
8. Dr. Easley opined that plaintiff sustained a forty percent permanent impairment of his right foot as a result of his April 10, 2000 injury by accident.
9. Dr. Hubbard opined that plaintiff sustained a forty-five percent permanent impairment of his right foot as a result of his April 10, 2000 injury by accident.
10. In addition, the parties stipulated into evidence a packet containing ninety-one pages of medical records and reports.
 ***********
Based upon all of the competent evidence in the record, the Full Commission adopts, with minor modifications, the findings of fact of the deputy commissioner and finds as follows:
 FINDINGS OF FACT
1. This claim arises from a compensable injury which occurred on April 10, 2000. Apparently, plaintiff fell from scaffolding and landed on his right heel in such a way that he sustained a severe, displaced calcaneal fracture. There was soft tissue damage to his heel, as well. Dr. Hubbard, an orthopedic surgeon in Elizabeth City, treated him with surgery to fixate the fracture and to lengthen the contracted achilles tendon. The doctor then periodically debrided the wound to remove necrotic tissue. The wound would not close so he subsequently sent plaintiff to Dr. Rizzuti, a plastic surgeon. Dr. Rizzuti examined plaintiff on July 17, 2000 and concluded that the wire inserted during surgery would have to be removed and the wound would have to be debrided further before a flap transfer and skin graft could be performed. Consequently, he sent plaintiff back to Dr. Hubbard.
2. Plaintiff returned to Dr. Rizzuti on September 14, 2000 with worsening of his condition. The doctor then referred him to Duke Medical Center where he was seen by Dr. Levin, a general surgeon, on September 20, 2000. His incision was still open and x-rays showed evidence of osteomyelitis. Apparently Dr. Hubbard had never removed the hardware and the wound was infected. Plaintiff was taken to surgery on October 2, 2000 for the hardware to be removed, for a calcaneal resection to be performed and for antibiotic beads to be inserted. He was also given other antibiotic medication. Fortunately, the infection was brought under control. On October 9, he underwent another procedure where the wound was given a final debridement and was reconstructed with a left latissimus free muscle flap. The area was then covered with a skin graft.
3. Although plaintiff obtained a very good result from the reconstructive surgery, he developed hammer toes due to contracture of the tendons to his second, third and fourth toes which led to a claw toe deformity. Consequently, Dr. Levin referred him to Dr. Easley, an orthopedic surgeon at Duke. On January 29, 2001 Dr. Easley performed surgery to straighten the toes. Plaintiff was then casted for several weeks before being placed in a surgical shoe. His condition improved and he was allowed to bear weight on the foot beginning March 9, 2001. By July 13, 2001 his achilles tendon was functional but he had virtually no movement in his subtalar joint and he had some residual tenderness and occasional pain. However, his toes were in excellent alignment, he was very pleased with the results of his surgery and he was aware of the fact that he was fortunate to still have his foot.
4. In August 2001 Dr. Easley gave plaintiff a permanent partial disability rating. Under the American Medical Association guidelines, plaintiff would have a seventy-seven percent permanent impairment of the foot due to the loss of skin over the foot, calf atrophy, plantar flexion weakness, limited subtalar joint motion and toe stiffness. The doctor also gave a rating pursuant to the Industrial Commission guidelines which he believed did an injustice to plaintiff since the soft tissue damage was not taken into account. That rating was forty percent of the foot.
5. Plaintiff was subsequently sent to Dr. Hasty for a second opinion. Dr. Hasty's report was confusing since he attributed a ten percent impairment for the surgery, a twenty-five percent impairment for the ankylosis, fifty percent impairment to each toe, plus ten percent impairment for the loss of motion for inversion and eversion. The note stated that these impairments added up to ten percent of the foot. It appeared that the doctor did not do the math correctly. There was no evidence that he was ever asked to review and explain his findings. In any event, the ten percent rating would not be credible in view of the very serious nature of plaintiff's injury and resulting dysfunction.
6. Dr. Hubbard examined plaintiff again in June 2002. He rated plaintiff with a forty-five permanent partial impairment to the foot.
7. The Industrial Commission's Rating Guide states:
 This section is intended to be used only as a guide and basic outline for physicians making rating examinations of individuals who have had industrial injuries to their spine or extremities because in many cases there are intangible factors which cannot be stereotyped but must be considered. Among these factors are pain, weakness, and dexterity. The final rating of impairment should be entirely the examining doctor's independent opinion based on his own knowledge, experience and clinical examination.
In fact, the Industrial Commission's Rating Guide is based on the AMA's rating guide but is a simplified version. Consequently, Dr. Easley's rating of seventy-seven percent has been accepted as his true opinion.
8. As a result of the injury by accident giving rise to this claim, plaintiff sustained a sixty percent permanent partial disability to his right foot.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Plaintiff is entitled to compensation at the rate of $229.60 per week for 87.84 weeks for the sixty-one percent permanent partial disability he sustained to his right foot as a result of this injury by accident. G.S. § 97-31(14) and (19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $229.60 per week for 87.84 weeks for his temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. An attorney's fee in the amount of $5,042.01 is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Forbes.
3. Defendants shall pay the costs due this Commission.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
BSB:md